[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION TO MODIFY JUDGMENT (NO. 165) 
The plaintiff, in this third go round of post judgment proceedings, moves to modify her periodic alimony award on the ground of a substantial change in circumstances. She also seeks an award of counsel fees.
The court took testimony, and the parties, who were represented by counsel, filed financial affidavits, introduced documentary materials into evidence and filed post hearing briefs.
For the reasons stated below, the motion is granted.
A brief synopsis of the procedural and factual history of this case is necessary to provide a backdrop for the plaintiff s motion.
The parties' marriage of more than 21 years duration was dissolved on November 21, 1989, after partial trial, as an agreed upon matter. By the terms of the parties' agreement, which became part of the decree, the defendant was ordered to pay periodic alimony for a period of ten years. The award was nonmodifiable as to duration, but decreased in successive steps from $50,000 per year to $20,000 per year. The decree also provided that the alimony would terminate sooner upon the death of either party or the wife's remarriage.
By agreement, after motion of the plaintiff, the decree was modified in 1991 to cash out the plaintiff's assigned share of the defendant's pension. By a second agreement, after motion of the defendant, the alimony award was modified on October 18, 1993, so that the defendant was ordered to pay $34,000 per year (instead of $40,000) for about a two year period and $17,000 per year (instead of $20,000) for the four years remaining of the original ten year alimony term, which expires November 21, 1999.
The plaintiff now seeks an upward modification in the alimony award, which is now $17,000 per year.
It is well settled that the measuring point from which to determine whether a substantial change of circumstances has occurred in the lives of either party is from the date of the CT Page 3804 last modification; in this case, October 18, 1993. See Borkowskiv. Borkowski, 228 Conn. 729, 737 (1994).
The defendant has candidly conceded that his net weekly income of $1,193, as reported in his October 18, 1993 financial affidavit[1] increased to $1,836 as reported in his current financial affidavit, and that this increase constitutes a substantial change in circumstances. The court finds that this is so, and that therefore, the plaintiff has established the condition precedent necessary for the court to consider her motion for modification of the alimony award. Thus, I find that the continuation of the present alimony award is unjust and inequitable under all of the circumstances.
It is also readily apparent that the defendant's financial condition has substantially improved since the date of the prior modification, while the plaintiff's has worsened. Some of this is due, at least in part, to her improvident financial transactions and expenditures. She now maintains a part time job from which she earns a modest income, and is striving to become involved full time as a dog handler in dog shows. She believes she could earn a living in this career, although at the present time, she appears to spend substantially more in this avocation then she takes in.
Even if she dispensed with this activity entirely and worked full time in her present job or comparable employment, considering her age, vocational skills and earning capacity, she would obviously remain in need of continuing support, as there would continue to be a shortfall between her expenses and income.
As the court has determined that the threshold requirement of a substantial change of circumstances subsequent to the last modification has been met, I now turn to the criteria relevant to the question of the modification itself, those set forth in General Statutes § 46b-82.
I have considered all of the applicable criteria[2] of said statute in the light of the evidence and my findings in the setting of the alimony award set forth below. I have also considered the taxable implications and consequences of said award and the provisions of General Statutes § 46b-62 in light of the plaintiff's claim for attorney's fees.
The parties have also stipulated that any alimony CT Page 3805 modification should be retroactive to December 26, 1995, without prejudice to the plaintiff's claim of additional retroactivity to November 28, 1995, the date of service of her motion on the defendant. See General Statutes § 46b-86 (a). The court bears in mind that it may not modify the duration of the alimony award as that is specifically precluded by the decree. Therefore, the court has no jurisdiction or authority to do so. The following orders shall enter.
1) The alimony is modified to $40,000 per year, retroactive to November 28, 1995, the date of service of the motion upon the defendant. Monthly payments on the modified order shall commence May 1, 1996.
(2) The arrearage created by this retroactive modification, together with statutory interest at the rate of 10 percent per annum on the unpaid balance, accruing from and after April 30, 1996, shall be paid in equal monthly installments of $2,000 per month commencing December 1, 1999, and the first of each month thereafter until paid.
(3) The defendant shall pay toward the plaintiff's attorney's fees and expenses, the sum of $2,761.70 within sixty (60) days hereof. I find that a denial of attorney's fees to the plaintiff, in toto, would impair or undermine the other financial orders entered.
(4) The defendant shall maintain the $100,000 life insurance policy[3] with the plaintiff as irrevocable beneficiary I until he is no longer obligated to pay alimony under this decree and the arrearage has been fully paid. He shall execute and deliver an authorization to the plaintiff so that she may obtain information directly from the carrier as to the status of said policy.
Teller, J.